IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00705-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    $9,017.69 IN UNITED STATES CURRENCY;
2.    $44,504.00 IN UNITED STATES CURRENCY;
3.    2011 MERCEDES BENZ GL350, VIN: 4JGBF2FEXBA661789;
4.    2014 GMC SIERRA K3500, VIN: 1GT426E80EF190951;
5.    THREE ROLEX WATCHES;
6.    $7,010.00 IN UNITED STATES CURRENCY;
7.    2015 HONDA CRF50FF, SN: LALAE0417F3200506;
8.    2015 HONDA CRF150RF, SN: JH2KE033XFK600349;
9.    POLARIS T15AASFAAC, SN: 57XAASFA1F5104741;
10.  POLARIS RAZR, VIN: 3NSVFE999FF368219;
11.  2015 SPORTSMAN 570 SP, VIN: 4XASHE57XFA648296; and
12.  2015 MERCEDES BENZ CLA, VIN: WDDSJ5CB3FN204616.

        Defendants.

## UNITED STATES' MOTION TO STRIKE CLAIM OF JESSICA STRINGER FOR LACK OF STANDING

COMES NOW the United States of America (Government), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Tonya S. Andrews, and pursuant to Rules G(8)(c)(i)(A) and (B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), moves to strike the claim of Jessica Stringer for lack of standing.

## PROCEDURAL HISTORY

1.     On June 6, 2016, the Government filed an *Amended Verified Complaint for Forfeiture In Rem*, pursuant to 21 U.S.C. § 881, seeking forfeiture of the above-captioned defendant properties based on allegations that they constitute proceeds traceable to an exchange of controlled substances.  (ECF No. 11.)  The case was restricted pending the related criminal matter.  (ECF No. 12.)

2.     On April 29, 2019, the Court granted a motion to unrestrict the *Amended Verified Complaint for Forfeiture In Rem*.  (ECF No. 19.)

3.     On May 1, 2019, pursuant to Supplemental Rule G(4)(b), the Government filed a *Notice of Amended Complaint for Forfeiture* and served direct notice of this action with a copy of the Amended Verified Complaint to all known interested parties, via regular and certified mail. (ECF No. 20.)  Based on this notice, third-parties had until June 3, 2019 to file a claim.

4.     On June 19, 2019, the Government also started publication on an official government website (www.forfeiture.gov) for at least 30 consecutive days as required by Supplemental Rule G(4)(a).  Based on this notice, third-parties had until August 18, 2019, to file a claim.

5.     On May 20, 2019, Ally Financial filed a claim as to defendant 2014 GMC Sierra. The Government and Claimant Ally Financial have settled this claim.  (ECF No. 22.)

6.     On July 2, 2019, Jessica Stringer, proceeding *pro se*, filed a claim as "benificial [sic] owner" to all of the above-captioned defendant properties.  Claimant Stringer asserts her interest based on "being adversely affected by the behavior of the prior owner and those with similar actions."  (ECF No. 26.)  She does not identify the prior owner, her relationship to them, or any injury suffered.  Further, she does not assert any other interest in the defendant properties.

2

7. Moreover, as set forth in the Amended Verified Complaint, Claimant Stringer was not in possession, was not on the title, and was not identified as a secured lienholder for any of the defendant properties.

8. In addition to the instant claim, on July 2, 2019, Claimant Stringer filed similar claims asserting her role as "benificial [sic] owner" of all properties in at least two other civil forfeiture cases in the District of Colorado. One of those cases, *USA v. 2014 Thor Majestic 28A Motorhome*, case no. 19-cv-01401-NYW, was terminated on June 17, 2019, after the legal owner filed a valid claim to the property.

9. The Government has since learned that Claimant Stringer, who resides in Massachusetts, has been "serial filing" claims and/or petitions for remission in several U.S. districts.

10. On July 8, 2019, undersigned counsel called Claimant Stringer to discuss her claim and gave notice of the Government's intent to move for sanctions against her under Rule 11 of the Federal Rules of Civil Procedure for filing multiple frivolous claims in the District of Colorado. Claimant Stringer responded that she will not withdraw her claims and asserted that she has a right to file such claims.

11. On July 15, 2019, pursuant to Supplemental Rule G(6)(a), the Government served special interrogatories on Claimant Stringer requesting that she identify her relationship to the defendant properties in this case and/or to the defendant in the related criminal case. Claimant Stringer has not answered the interrogatories as required by Supplemental Rule G(6)(b) and the deadline to respond was August 5, 2019.

12. Furthermore, Claimant Stringer has not filed an answer to the Amended Verified Complaint as required by Supplemental Rule G(5)(b), which was due on July 23, 2019.

13. No other claims have been filed in this case and the time within which to do so has expired. (ECF No. 27.) Therefore, at this time, the parties are the United States, Claimant Ally Financial, and Claimant Stringer. At this time, but for Claimant Stringer's claim, the Government could file a motion for Final Order of Forfeiture against the defendant properties.

## LEGAL ARGUMENTS IN SUPPORT OF MOTION TO STRIKE

Standing is a threshold issue in every civil forfeiture case. *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013). A claimant bears the burden of meeting both statutory and Article III standing requirements in order to stand before a court and contest a forfeiture. *United States v. $487,825.00*, 484 F.3d 662, 664 (3d Cir 2007). "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." *United States v. 8 Gilcrease Lane*, 641 F. Supp.2d 1, 5–6 (D.D.C. 2009), quoting ASSET FORFEITURE LAW IN THE UNITED STATES, § 9-4 at 326.

Pursuant to Supplemental Rule G(8)(c), the Government may move to strike a claim for failing to comply with the procedural requirements of Supplemental Rules G(5) or (6), or because the claimant lacks standing. Supp. R. G(8)(c)(i)(A)–(B). The Tenth Circuit has held that a claimant's failure to ***strictly comply*** with the procedural requirements of the Supplemental Rules means the claimant lacks statutory standing to contest the forfeiture, and their claim may be stricken pursuant to Rule G(8)(c). *United States v. $29,410.00 in U.S. Currency*, 2014 WL 1276235, *3 (W.D. Okla. Mar. 27, 2014) (granting motion to strike for lack of standing where claimant failed to file an answer or respond to special interrogatories; "Statutory standing requires

that a claimant strictly comply with the procedural requirements of the Supplemental Rules."), *aff'd*, 600 F. App'x. 621 (10th Cir. 2015); United *States v. $14,132.00 in U.S. Currency*, 2011 WL 3235720, *1 (D. Col. July 28, 2011) (granting Rule G(8)(c) motion to dismiss for lack of statutory standing where claimant filed claim but no answer); *United States v. $5,565.00 in U.S. Currency*, 2010 WL 4256211, *2 (D. Colo. Sept. 20, 2010) (granting motion to strike where claimant filed answer but no claim because the Supplement Rules "must be strictly enforced"). As set forth below, Claimant Stringer lacks both statutory and Article III standing and, therefore, her claim should be stricken.

**I.       Claimant Stringer's Claims Should Be Stricken For Lack Of Statutory Standing.**

Claimant Stringer has failed to file an answer, as well as respond to special interrogatories; therefore, her claim should be stricken. To establish statutory standing, a claimant must first file a verified claim and an answer. Supp. R. G(5)(a)–(b); *United States v. $20,000.00 in United States Currency*, 350 F. Supp. 3d 1148, 1155–56 (D.N.M. 2018). Supplemental Rule G(5)(b) requires that the answer be filed within 21 days after filing the claim.

In this case, Claimant Stringer filed her *pro se* claim on July 2, 2019. (ECF No. 26.) Thus, her answer was due on July 23, 2019. However, to date, Claimant Stringer has not filed an answer, and her time to do so has past. Further, although permitted in certain circumstances, Claimant Stringer's *pro se* claim cannot be liberally construed as both a claim and answer, because it fails to present any arguments contesting the forfeiture allegations. *See United States v. $9,020.00 in U.S. Currency*, 30 F. App'x 855, 857–58 (10th Cir. 2002) (where the Court can reasonably read the pleadings to state a valid claim on which the claimant can prevail and where the pleadings present arguments contesting the Government's forfeiture allegations, the Court may construe a *pro se* claimant's claim to be both the claim and answer). To the contrary, Claimant Stringer

5

acknowledges "the crimes of the prior owner" in her claim.[1] Likewise, she does not make any assertions of how she would qualify as an "innocent owner" of such criminal offenses. Thus, because she has not filed a timely answer, Claimant Stringer lacks statutory standing.

Claimant Stringer also lacks statutory standing for failing to respond to special interrogatories. Pursuant to Supplemental Rule G(6)(a), the Government served Claimant Stringer with special interrogatories on July 15, 2019, in order to determine at the outset whether she has standing to contest the forfeiture. *See e.g. United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 652–53 (7th Cir. 2013) (noting the danger of false claims in civil forfeiture proceedings and the Government's right to use special interrogatories to gather evidence needed to challenge standing); *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (special interrogatories may be used to "test the veracity of [a claimant's] claim of ownership"); *see also United States v. $14,800.00 in U.S. Currency*, 2012 WL 4521371, *3 (D. Md. Sept. 28, 2012) ("standing is a threshold issue that must be resolved before addressing an asset forfeiture claim"). Pursuant to Supplemental Rule G(6)(b), Claimant Stringer had to answer or object to the special interrogatories within 21 days after they were served, that is, by August 5, 2019.

Claimant Stringer failed to respond to the special interrogatories by August 5, 2019, and to date, has still not responded. Her failure to provide any information to support her assertions of "benficial" ownership suggests that her claim is frivolous and should be stricken. *United States v. $25,982.28 in U.S. Currency*, 2015 WL 410590, *3 (N.D. Ohio Jan. 29, 2015) ("Special interrogatories are not run-of-the-mill discovery but rather are an important tool for the Government to sort out colorable from fraudulent claims."); *United States v. $27,970.00 in U.S.*

---

[1] *See also* Ex. 1, DEA-6, ¶ 2 at 1 ("Ms. Stringer further stated she feels that some or all of the money and property seized by the government has either been garnered by criminal activity and some maybe haven't.").

6

*Currency*, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (striking the claim and answer of claimant for failing to respond to the government's special interrogatories within 21 days).

"Because the procedures prescribed by the Supplemental Rules play an important role in structuring forfeiture suits and ensuring that they proceed efficiently, a court is authorized to strike the claim and/or answer of any claimant who fails to follow the Rules' procedural dictates." *United States v. All Assets Held at Bank Julius Baer & Co.*, 664 F. Supp. 2d 97, 101 (D.D.C. 2009). Therefore, in light of Claimant Stringer's failure to file an answer or respond to special interrogatories, her *pro se* claim does not comply with Supplemental Rules G(5) and (6) and should be stricken for lack of statutory standing.

## II. Claimant Stringer's Claim Should Be Stricken for Lack of Article III or Prudential Standing.

Furthermore, Claimant Stringer has no legal basis on which to establish Article III or prudential standing. To meet Article III standing requirements, a claimant must show a "colorable" ownership, possessory, or secured interest in the property. *United States v. $38,852.00 in U.S. Currency*, 328 F. Supp. 2d 768, 769 (N.D. Ohio 2004); *United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 818 (7th Cir. 2013). The Tenth Circuit has found "that when a claimant has asserted an ownership interest in the res at issue . . . *some evidence* tending to support the existence of that ownership interest" is required for the claimant to establish Article III standing. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1276 (10th Cir. 2008) (emphasis added) (following *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992) ("a bare assertion of ownership of the res, without more, is inadequate to prove an ownership interest sufficient to establish standing")).

Claimant Stringer asserts an ownership interest in the defendant properties based only on her desire to acquire "proper funding" to open "Christ Consciousness Center(s).""" She failed to

7

provide any additional information to support her claim of ownership and did not respond to the Government's special interrogatories to explain the nature of her relationship to the defendant properties. Indeed, there is no evidence to suggest she has any interest or affiliation with the defendant properties or the title owners. As such, she has not, and cannot, establish that she has any colorable interest in the properties through legal ownership, possession, or a secured interest. *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004) (a colorable interest in the property can be shown by actual possession, control, title, or financial stake); *United States v. $138,381 in U.S. Currency*, 240 F. Supp. 2d 220, 231–32 (E.D.N.Y. 2003) (proof of ownership is required to establish standing where non-possessory claimant's only basis for standing is her allegation that she is an owner). Because Claimant Stringer has not established any connection whatsoever to the defendant properties, she lacks Article III standing to contest this forfeiture action.

Moreover, Claimant Stringer lacks prudential standing to defend her claim. A claimant must show that their claim falls within the "zone of interests" protected by the applicable forfeiture statutes to meet prudential standing requirements. *United States v. Real Prop. Located at 730 Glen-Mady Way*, 590 F. Supp. 2d 1295, 1302 (E.D. Cal. 2008). A person asserting an ownership interest in the res does not fall within the "zone of interests" unless they are an "owner" as defined in 18 U.S.C. § 983(d)(6). *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 2012 WL 1032904, at *5 (N.D. Ill. Mar. 27, 2012) (claimant who does not fall within the definition of "owner" in § 983(d)(6) lacks prudential standing). Pursuant to 18 U.S.C. § 983(d)(6), an owner is defined as a person with a specific ownership interest in the specific property to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of ownership interest.

In this case, one of Claimant Stringer's general assertions is that she is a "benificial [sic] owner" of the defendant properties because she was "adversely affected by the crimes of the prior owner." However, she does not identify the prior owner, the crimes committed, nor how she was affected by such crimes. In any event, a crime victim does not fall within the "zone of interests" protected by the forfeiture statutes, because they have no interest in the particular asset subject to forfeiture. *In re 650 Fifth Avenue*, 2013 WL 4572527 (S.D.N.Y. Aug. 27, 2013). Indeed, Congress has provided for a non-judicial remedy to address the claims of crime victims through the remissions process, which "occurs after the successful prosecution of the forfeiture case." *United States v. Approximately $133,803.53 in U.S. Currency (Flagstar)*, 683 F. Supp. 2d 1090, 1094–95 (E.D. Cal. 2010) (Congress's creation of a remission process for crime victims who do not have an ownership interest in the forfeited property "compels the conclusion that the claimant in this case lacks prudential standing"). Therefore, Claimant Stringer's claim should also be stricken for lack of Article III and prudential standing.

### III. The Court Should Impose a Civil Fine on Claimant Stringer Because Her Claim is Frivolous.

A monetary fine should be imposed pursuant to 18 U.S.C. § 983(h). Section § 983(h) states that, "if the court finds that the claimant's assertion of an interest in the property was frivolous, the court may impose a civil fine on the claimant of an amount equal to 10 percent of the value of the forfeited property, but in no event shall the fine be less than $250 or greater than $5,000.00." 18 U.S.C. § 983(h)(1). It further states that any civil fine imposed shall not preclude the Court from imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure. 18 U.S.C. § 983(h)(2).

In this case, Claimant Stringer's claim is frivolous, not only for the above-stated reasons, but also because it is one of many claims she has filed in numerous Districts across the United

9

States.  According to the Money Laundering and Asset Recovery Section, a component of the Department of Justice, Claimant Stringer has filed similar claims in Georgia, Florida, Illinois, Massachusetts, Iowa, and the District of Columbia.  She filed at least three claims in Colorado, including this case.  Even after speaking to undersigned counsel, as well as a Special Agent in Illinois, Claimant Stringer has refused to withdraw her claims despite actual knowledge that her claims are meritless and are prohibiting the just and speedy resolution of several cases.  (Ex. 1, DEA-6.)  Indeed, but for Claimant Stringer's claim, this forfeiture proceeding could have concluded sooner.  Thus, the Court should impose a fine against Claimant Stringer for filing a frivolous claim in this case and burdening the judicial system with unwarranted costs and delays, as well as to discourage such a practice by Claimant Stringer in the future.  *United States v. Real Property Located at 20 Kassing Drive*, 2014 WL 1304318 (S.D. Ill. Apr. 1, 2014) (ordering prisoner to pay $1,000 fine and reimburse Clerk of the Court $2,418.76 for the cost of filing eight meritless *pro se* complaints).

### III.   CONCLUSION

For the reasons set forth herein, the United States respectfully moves this Court to strike the claim filed by Jessica Stringer pursuant to Rules G(8)(c)(i)(A) and (B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because she lacks standing to contest this civil forfeiture.

DATED this 24th day of September, 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

                    By:    s/ *Tonya S. Andrews*
                                 TONYA S. ANDREWS
                                 Assistant United States Attorney
                                 United States Attorney's Office
                                 1801 California Street, Suite 1600
                                 Denver, Colorado 80202
                                 Telephone: (303) 454-0100
                                 E-mail: tonya.andrews@usdoj.gov

                                 *Attorney for the United States*

## LENGTH LIMITATION STATEMENT

      I hereby certify that the foregoing pleading does not exceed 4,000 words in compliance with the type-volume limitation set forth in Judge Domenico's Practice Standard III.A.1.

                                                s/ *Tonya S. Andrews*
                                                TONYA S. ANDREWS
                                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice to:

Jessica Stringer
55 Seymour Street
Concord, MA 01742

                                                s/ *Jasmine Zachariah*
                                                Jasmine Zachariah
                                                FSA Data Analyst
                                                United States Attorney's Office