IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:16-cv-00705-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$9,017.69 IN UNITED STATES CURRENCY;
$44,504.00 IN UNITED STATES CURRENCY;
2011 MERCEDES BENZ GL350, VIN: 4JGBF2FEXBA661789;
THREE ROLEX WATCHES;
$7,010.00 IN UNITED STATES CURRENCY;
2015 HONDA CRF50FF, SN: LALAE0417F3200506;
2015 HONDA CRF150RF, SN: JH2KE033XFK600349;
POLARIS T15AASFAAC, SN: 57XAASFA1F5104741;
POLARIS RAZR, VIN: 3NSVFE999FF368219; and
2015 SPORTSMAN 570 SP, VIN: 4XASHE57XFA648296,

    Defendants,

v.

ALLY FINANCIAL; and
JESSICA STRINGER,

    Claimants.

## ORDER GRANTING IN PART MOTION TO STRIKE CLAIM

    Before me is the United States' Motion to Strike Claim of Jessica Stringer for Lack of Standing. (Doc. 28.) For the following reasons, I grant the government's request to strike Ms. Stringer's claim, but deny its request to impose a fine on Ms. Stringer.

- 1 -

## BACKGROUND

The United States has filed a Verified Complaint for Forfeiture In Rem pursuant to 21 U.S.C. § 881, seeking forfeiture of the above-captioned defendant assets. (Doc. 3; Doc. 11.) Pursuant to Rule G(4)(a) and (b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government has published notice of the action and provided direct notice to known potential claimants. (Doc. 20; Doc. 25 ¶ 3; Doc. 27.) Pro se Claimant Jessica Stringer has filed a claim asserting an ownership interest in all of the defendant assets. (Doc. 26.) Describing her interest in the assets and reason for filing a claim, Ms. Stringer states the following:

> I have a desire to do good with this money & property. I have the intent of re-investing into the communities most adversely affected by the crimes of the prior owner. I dream of opening "Christ Consciousness Center(s)."
>
> I am a hardworking patriot destined to help my fellow Americans. I desire to be a recipient of these assetts [sic] due to being adversely affected by the behavior of the prior owner and those w/ similar actions. We Americans have been hurt & want to set standards for our Nation. I am she.
>
> The Nation . . . has suffered greatly. Programs w/ proper intent need funding!
>
> My family always pay our taxes for EVERYTHING (property, vehicles, land, investments, income personal & BUSINESS!)[).]

(*Id.* at 6.) Ms. Stringer's claim does not identify the prior owner, her relationship to that person, or any specific injury she has suffered.

The United States served special interrogatories on Ms. Stringer pursuant to Rule G(6)(a), requesting that she identify her relationship to the defendant assets in this case or the defendant in the related crim-

inal case. (Doc. 28 ¶ 11.) Ms. Stringer did not respond to the interrogatories within twenty-one days of service as required by Rule G(6)(b), and as of the date of the instant motion, she still had not served responses to the interrogatories. (*Id.*) Ms. Stringer also failed to file an answer or otherwise respond to the government's complaint within twenty-one days of filing her claim as required by Rule G(5)(b).

The United States now moves to strike Ms. Stringer's claim for lack of statutory and Article III standing, and requests that a monetary fine be imposed on Ms. Stringer because her claim is frivolous. (Doc. 28.) Ms. Stringer has not responded to the motion.

## DISCUSSION

Standing is a threshold issue in every federal case, including every civil forfeiture case. *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013). A claimant must meet both statutory and Article III standing requirements to contest a forfeiture. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003). Statutory standing requires that a claimant strictly comply with the procedural requirements of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *United States v. $487, 825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007).

The government may move to strike a claim for failing to comply with Rule G(5) or (6), or because the claimant lacks standing. Supp. R. G(8)(c). If a claimant fails to strictly comply with the procedural requirements of the Supplemental Rules, the claimant lacks statutory standing to contest the forfeiture, and the claim may be stricken pursuant to Rule G(8)(c). *See, e.g.*, *United States v. $14,132.00 in U.S. Currency*, No. 11-cv-00210-WDM-MJW, 2011 WL 3235720 (D. Colo.

July 28, 2011) (granting motion to strike claim for failure to file an answer as required by Rule G(5)(b)). In this case, Ms. Stringer's answer was due on July 23, 2019. *See* (Doc. 26 (claim filed on July 2, 2019)); Supp. R. G(5)(b) (answer due within twenty-one days of filing claim). As of the date of this Order, no answer has been filed.[1] Because Ms. Stringer has not filed a timely answer, she has failed to comply with Rule G(5), and she lacks statutory standing.[2] It is therefore appropriate to strike her claim pursuant to Rule G(8)(c).

The government also requests that I fine Ms. Stringer pursuant to 18 U.S.C. § 983(h) for filing a frivolous claim. Section 983(h)(1) provides that:

> In any civil forfeiture proceeding under a civil forfeiture statute in which the Government prevails, if the court finds that the claimant's assertion of an interest in the property was frivolous, the court may impose a civil fine on the claimant of an amount equal to 10 percent of the value of the forfeited property, but in no event shall the fine be less than $250 or greater than $5,000.

The government notes that Ms. Stringer, who resides in Massachusetts, has filed similar baseless claims in two other forfeiture actions in this District and "has been 'serial filing' claims and/or petitions for remission in several U.S. districts." (Doc. 28 ¶¶ 8.) Indeed, the Southern District of Illinois has found that "[Ms.] Stringer's barrage of baseless claims in jurisdictions across the country is a waste of judicial resources." *United*

---

[1] Although Ms. Stringer is proceeding without an attorney, I cannot liberally construe her claim as including an answer, because the claim fails to present any arguments contesting the forfeiture allegations set forth in the complaint. *See United States v. $9,020.00 in U.S. Currency*, 30 F. App'x 855, 857-58 (10th Cir. 2002).

[2] Because I find that Ms. Stringer lacks statutory standing, I need not address the question of Article III standing.

*States v. $47,000 in U.S. Currency*, No. 19-CV-00551-JPG-RJD, 2019 WL 5073478, at *3 (S.D. Ill. Oct. 9, 2019). Ms. Stringer's behavior may indeed be a waste of resources, but the government's motion gives no guidance as to what amount would be an appropriate sanction in this case, and exercising my discretion, I decline to impose fine at this juncture.

## CONCLUSION

It is ORDERED that:

The United States' Motion to Strike Claim of Jessica Stringer for Lack of Standing (Doc. 28) is GRANTED IN PART and DENIED IN PART; and

Jessica Stringer's claim (Doc. 26) is STRICKEN for lack of statutory standing.

DATED: March 31, 2022          BY THE COURT:

Daniel D. Domenico
United States District Judge